**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LUIS ENRIQUE PINEDA-RODRIGUEZ, AKA Cholo, AKA View, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-73498 Agency No. A095-730-450 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Luis Enrique Pineda-Rodriguez, a native and citizen of Honduras, petitions

pro se for review of the Board of Immigrations Appeals' (BIA) order dismissing

his appeal from an immigration judge's (IJ) decision denying his applications for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Whether a group constitutes a "particular social group" is a question of law that we review de novo. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The BIA did not err in its conclusion that Pineda-Rodriguez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Pineda-Rodriguez's withholding of removal claim fails.[1]

Substantial evidence supports the BIA's determination that Pineda-Rodriguez did not establish that he was more likely than not to be tortured by or

---

[1] Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).

with the consent or acquiescence of the government upon his return to Honduras. *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010) (rejecting petitioner's CAT claim because he failed to present an "objective basis of fear" and that "he would most likely be tortured by or with the acquiescence of a government official").

**PETITION FOR REVIEW DENIED.**